OPINION
On March 24, 2001, Ohio State Highway Patrol Trooper Shawn Yoho cited appellant, Harvey McGowan, for speeding in violation of R.C.4511.21(D)(2). The ticket indicates appellant traveled 76 m.p.h. in a 65 m.p.h. zone on northbound Interstate 77 in Tuscarawas County, Ohio.
On April 17, 2001, appellant, an attorney representing himself, filed a motion to dismiss, claiming he could not locate the specific statute he was alleged to have violated. On same date, said motion was denied and a bench trial before a magistrate was held. By decision filed April 17, 2001, the magistrate found appellant guilty and fined him $15.00 plus court costs.
On April 23, 201, appellant filed objections to the magistrate's decision. By judgment entry filed May 8, 2001, the trial court overruled the objections and approved and adopted the magistrate's decision.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT MOTION TO DISMISS.
 II THE TRIAL COURT ERRED BY PERMITTING A TROOPER TO TESTIFY AS TO THE CONTENTS OF A STATEMENT MADE BY ANOTHER TROOPER THAT INCULPATED THE APPELLANT, AND THEREBY VIOLATED APPELLANT'S RIGHT TO CONFRONTATION OF WITNESSES AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 III THE TRIAL COURT ERRED IN GRANTING JUDGMENT AGAINST THE APPELLANT, WHEREBY THE TESTIMONY DOES NOT SUPPORT THE CHARGE BEYOND A REASONABLE DOUBT AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellant claims the trial court erred in denying his motion to dismiss. Appellant claims the complaint (ticket) did not adequately inform him of the violation charged. We disagree.
In this case, a Uniform Traffic Ticket under Traf.R. 3 was issued. Crim.R. 4.1(C) governs the form of citation and states in pertinent part the following:
 In minor misdemeanor cases a law enforcement officer may issue a citation. The citation shall: contain the name and address of the defendant; describe the offense charged; give the numerical designation of the applicable statute or ordinance; state the name of the law enforcement officer who issued the citation; and order the defendant to appear at a stated time and place.
We have examined the traffic citation sub judice and find it charges "Harvey J. McGowan" of "1245 E. 135th, Cleveland, OH, 44112" with a violation of "SPEED: 76 MPH in 65 MPH zone," "Over limits" and "ORC 4511.21D2." The citation contains the signature of the law enforcement officer and orders appellant to appear in New Philadelphia Municipal Court on April 11, 2001. We find these statements fulfill the requirements of Crim.R. 4.1(C).
Assignment of Error I is denied.
 II, III
These assignments of error challenge the admissibility of hearsay statements and the decision as being against the manifest weight of the evidence. Because a transcript of the proceedings was not filed in this case, we are unable to review the issues raised under these assignments.
In Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, the Supreme Court of Ohio held the following:
 The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See State v. Skaggs (1978), 53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. (Footnote omitted.)
We note that on May 30, 2001, appellant requested a transcript of the proceeding. By judgment entry filed June 7, 2001, the trial court informed appellant of the following:
 The New Philadelphia Municipal Court does not staff a certified court reporter or transcriptionist. For information regarding preparation of a transcript and the estimated cost of the same, please contact this Court's authorized stenographer:
 Jill Aul 4719 SR 516 NW Dover, OH 44622 tel. 330-364-6448
 Payment of all costs for such transcription is the responsibility of the party requesting the transcript, as Ms. Aul is not an employee of this Court.
A review of the docket establishes a transcript of the proceeding was never filed. The record on appeal was filed on July 11, 2001 without a transcript of the proceeding. In his appellate brief, appellant cites this court to specific pages and lines from a transcript however, there is no transcript filed reflecting these references.
Assignments of Error II and III are denied.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is affirmed.
Hon. W. Scott Gwin, P.J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. concur.